Proceeding under the Workmen's Compensation Law by Herbert A. Lewis, claimant, opposed by Mary L. Brandon, doing business as Brandon Transfer Storage Company, for compensation as the result of the death of Dorothy C. Lewis while in the course of her employment. From an order of the Circuit Court affirming an order of the Florida Industrial Commission which sustained a ruling of the deputy commissioner denying compensation, claimant appeals.
Order affirmed.
The appellant's wife, Dorothy C. Lewis, while in the course of her employment, was killed in an automobile accident in which the appellant was also injured. The appellant is a disabled veteran of World War II and received disability from the Federal Government of 10%. He claims compensation as result of his wife's death on the basis that he was partially dependent upon her for support during her lifetime.
The Deputy Commissioner denied the appellant's claim for compensation on account of the death of his wife. The full Commission affirmed his ruling and upon appeal to the Circuit Court the original ruling was reaffirmed. The Workmen's Compensation Law of Florida in Section 440.02(16) defines the term "widower" as follows: "the term `widower' includes only the decedent's husband who at the time of her death lived with her and was dependent for support upon her, and was not capacitated to support himself."
The record discloses that the appellant was living with his wife up to the time of her death. He does not contend that he was wholly dependent upon her nor does the record disclose that he is "not capacitated to support himself." Unquestionably she was contributing to the maintenance of the family composed of herself and the appellant. He was earning $50.00 per week and she was earning $40.00 per week. Under such circumstances, it could not be held that the appellant was dependent for support *Page 844 
upon his wife and was not capacitated to support himself.
Consequently, the order entered by the Circuit Judge affirming the order of the full Commission which sustained the ruling of the Deputy Commissioner should be and it is hereby affirmed.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur.